B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFF**<br>Teague &<br>Wetsel, PLLC | **DEFENDANT**<br>Ronald George<br>Morain |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Cody D. Kerns & Charles E. Wetsel \| Teague & Wetsel, PLLC, 1741 W. 33rd Street \| Suite 120 \| Edmond Oklahoma, 73012 | **ATTORNEYS** (If Known)<br>Alexander E. Hilton III \| Alexander Hilton & Assoc., LLC<br>6440 Avondale Drive \| Suite 201 \| Nichols Hills, OK 73116 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of debt Ronald George Morain owes to Teague & Wetsel, PLLC; request for adequate protection or abandon property; objection to classification of Teague & Wetsel, PLLC's claim as unsecured. 11 U.S.C. §§506, 361, 522, 523, 544, 545, 547, 548, 549,

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
■ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
■ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $ $96,184.09 plus interest, costs, attorney fees.

Other Relief Sought Determination that Teague & Wetsel, PLLC's claim is non-dischargeable; determination of Teague & Wetsel, PLLC's secured interest in Defendant's real property; adequate protection for Teague & Wetsel, PLLC's interest in real property.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR  Ronald George Morain || BANKRUPTCY CASE NO. 23-11267 |||
| DISTRICT IN WHICH CASE IS PENDING Western || DIVISION OFFICE OKC || NAME OF JUDGE Sarah Hall |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| *Cody Kerns* (signature) |||||
| DATE 8-10-2023 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Cody Kerns |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: ) | |
| Ronald George Morain ) | Case No. 23-11267 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Teague & Wetsel, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. No. _____ |
| ) | |
| Ronald George Morain ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**AND OBJECTION TO DISCHARGE**

Pursuant to Rule 4007 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, Creditor/Plaintiff Teague & Wetsel, PLLC ("T&W"), a creditor in this case, alleges the following in support of its Complaint to Determine Dischargeability of Debt and Objection to Discharge.

**INTRODUCTION**

This Complaint to Determine Dischargeability of Debt is timely. This complaint is filed by the deadline for objection to dischargeabilty pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure and according to Section 9 of the Notice of Chapter 7 Bankruptcy Case presently before this Court. Ronald George Morain ("Debtor") claims T&W's claim as a general unsecured claim. **[See Doc. 1, Sched. E/F, pg. 23 of 55, Creditor 4.9].** This is not correct. T&W's claim is a secured claim based upon a consensual lien. T&W's lien is attached to real property, located at 4701 Tanglewood Court, Norman, OK 73072 ("the Collateral"). As a secured creditor,

1

T&W is entitled to adequate protection to protect its interests in the Collateral. Based upon Debtor's valuation of the Collateral, Debtor cannot provide adequate protection to T&W save for exempting T&W's claim against Debtor from discharge. T&W respectfully requests this Court exempt T&W's claim against Debtor from discharge, and permit T&W to enforce its consensual lien against the Debtor at the proper time after this bankruptcy proceeding finishes.

## JURISDICTION AND VENUE

1. Debtor filed his voluntary petition with this Bankruptcy Court on May 16, 2023 for relief under Chapter 7 of the Bankruptcy Code [Doc: 1].

2. The deadline for filing objections to discharge is August 14, 2023, as stated in Section 9 of the Notice of Chapter 7 Bankruptcy Case in this case.

3. Section 10 of the Notice of Chapter 7 Bankruptcy Case instructed T&W not to file a proof of claim.

4. This Court has jurisdiction of this core matter pursuant to Title 28 U.S.C. §§1408 and 1409. Further, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.

5. T&W is a professional limited liability corporation, who, at all relevant times has been a resident of Edmond, Oklahoma County, State of Oklahoma.

6. Debtor, at all relevant times, has been resident of Norman, Cleveland County, Oklahoma.

7. This adversary proceeding is brought pursuant to 11 U.S.C. §§361, 522, 523.

## **ALLEGATIONS ON CLAIMS**

8. On November 19, 2015, Debtor executed and delivered to T&W a certain Legal Representation Agreement ("Agreement") under which Debtor agreed to pay T&W the amounts due under the Agreement with interest. To secure the payment of the indebtedness, Debtor consented to a lien on the Collateral.

9. T&W recorded the consensual lien on April 07, 2022 in the records of the Cleveland County Clerk, State of Oklahoma.

10. T&W's claim in this proceeding is based on the Agreement. T&W is the current owner of the Agreement. Absent exempting T&W's claim from discharge, Debtor cannot provide adequate protection to protect T&W's interest in the Property.

11. According to the Agreement, T&W is entitled to monetary relief in the amount of $96,184.09; plus accrued interest through June 13, 2023 in the amount of $12,121.30; plus interest accruing at the rate of 18.00% per year ($51.58 per day); a reasonable attorney's fees; and costs of this action. T&W already litigated this matter against Morain in CJ-2022-1914 in Oklahoma State Court.

12. These amounts are a consensual lien on the Collateral subject only to M&T Mortgage. According to the Agreement, T&W is entitled to foreclose and sell the Collateral to satisfy the debts Debtor incurred under the Agreement.

13. After taking into account all secured claims against the Collateral, including T&W's secured claim, the Collateral is of no value to the bankruptcy estate. Debtors has no equity in the Collateral, or the equity is of such insignificant amount that there is no value to the bankruptcy estate; the Collateral is not necessary for an effective reorganization; and the Collateral

should be abandoned so T&W may commence the foreclosure of its lien upon the Collateral in accordance with the Agreement. The Debtor claims the Collateral is exempt property and is worth $123,748.00. However, Debtor failed to include T&W's security interest against the Collateral. Counting all outstanding security interests in the Collateral, Debtor has no equity in the Collateral. The total of T&W's security interest and M&T Bank's mortgage is worth substantially more than the value of the Collateral.

14. T&W will suffer irreparable injury, loss, and damage unless the automatic stay is lifted so as to permit T&W to commence its foreclosure action, or in the alternative, Debtor is required to provide T&W with adequate protection of its interest in the Collateral by exempting T&W's claim from discharge.

15. Debtor has claimed the Collateral as an exempt asset.

16. T&W is entitled to an order modifying the automatic stay to allow foreclosure of its security interest on the Collateral, or in the alternative, an order requiring Debtor to provide adequate protection of T&W's interest in the Collateral.

17. Based on information and belief, T&W believes Debtor is unable to provide traditional adequate protection for T&W's interest in the Collateral. T&W's interest in the Collateral arose and was filed more than a year before Debtor filed the Petition for Chapter 7 bankruptcy in this case. Debtor respectfully requests this Court make a determination that T&W's claim exempt from discharge by reason of T&W's consensual lien.

18. T&W's claim against Debtor is exempt from discharge, pursuant to **11 U.S.C.522(C).** Debtor states that T&W is an unsecured creditor. **[Doc 1, page 23].** Contra, T&W

4

is a secured creditor with a consensual lien on the Collateral. T&W's claim is a debt secured by a consensual lien that is not avoided pursuant to §§ 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code and which is not void under §506(d) of the bankruptcy code. **See 11 U.S.C. §522(c)(2).**

19. In consideration of the above, T&W respectfully requests that this Court issue an order lifting the automatic stay and directing that the Collateral be abandoned from the Bankruptcy Estate. In the alternative, T&W requests an order requiring the Debtor to provide adequate protection to T&W's interest in the Collateral. Pursuant to §§361(3) & 522(c) of the Bankruptcy Code, T&W respectfully requests that this Court determine that T&W's claim in this case is a secured claim based upon the consented lien on the Collateral. T&W further requests an order declaring T&W is entitled to enforce its security interest following the conclusion of this bankruptcy.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. Determination by this Court that the debt owed to T&W is non-dischargeable;

2. judgment for the amount owed to T&W in the amount of $96,184.09;

3. accrued interest through June 13, 2023 in the amount of $12,121.30;

4. interest accruing at the rate of 18.00% annum; $51.58 per diem;

5. costs incurred in this action;

6. attorney fees incurred by T&W in this action;

7. an order directing that appropriate execution issue against Debtors for the amount of the judgment granted to T&W; and

8.     any and all other relief which this Court deems just and proper, and to which T&W may be entitled.

> /s/ Cody D. Kerns
> Charles E. Wetsel, OBA #12035
> Cody D. Kerns, OBA #34697
> TEAGUE & WETSEL, PLLC
> 1741 West 33rd Street, Suite 120
> Edmond, Oklahoma 73013
> Telephone:   (405) 285-9200
> Telecopier:   (405) 509-2362 (direct)
> cwetsel@teaguewetsel.com
> ckerns@teaguewetsel.com
> *Attorneys for Plaintiff*
> *Teague & Wetsel, PLLC*

## **CERTIFICATE OF SERVICE**

      I certify that on August 10, 2023 I electronically transmitted this document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Alexander E. Hilton III on behalf of Debtor Ronald Morian
AEHiltonlaw@gmail.com

Bankruptcy Trustee
kevin@harrisandcoffey.com

Oklahoma Employment Security Commission
bankruptcy@oesc.state.ok.us

United States Trustee
USTPRegion20.OC.ECF@usdoj.gov

AMEX, Correspondence/Bankruptcy
bncnotices@becket-lee.com

Communication FCU
cmims@comfedcu.org

M & T Bank
camanagement@mtb.com

Receivables Performance Mgmt.
Supportservices@receivablesperformance.com

Tinker FCU
bankruptcy@tinkerfcu.org

                                              /s/ Cody D. Kerns

I certify that on August 10, 2023 I also served this document by first-class mail to all counsel who have entered an appearance in this matter, and to all parties listed on the attached mailing matrix prepared by Debtor who are **not** ECF registrants.

| | | |
|---|---|---|
| Howard Berkson<br>Boston Avenue Law<br>401 S. Boston Ave., Ste 500<br>Tulsa, OK 74103-4023 | Lacey Shirley Law<br>302 S. Chyenne Ave., Ste. 110<br>Tulsa, Oklahoma 74103-3435 | Lacey Shirley Law<br>1874 S. Boulder Ave<br>Tulsa, OK 74119-5234 |
| Tinker-mc, Attn: Bankruptcy<br>PO Box 45750<br>Tinker AFB, OK 73145-0750 | Village Roofing & Siding<br>3334 W Main St.<br>Norman, OK 73072-4805 | Village Roofing & Siding LLC<br>11901 N MacArthur Blvd<br>Oklahoma City, Ok 73162 |
| Ally Financial, INC<br>ATTN: BANKRUPTCY<br>500 Woodward Ave.<br>Detroit MI 48226 | AMEX<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Bank of America<br>ATTN: BANKRUPTCY<br>4909 Savarese Circle<br>Tampa, FL 33634 |
| Barclays Bank Delaware<br>ATTN: BANKRUPTCY<br>PO Box 8801<br>Wilmington, DE 19899 | Citibank/ The Home Depot<br>Citicorp CR SRVS/Centralized<br>Bankruptcy<br>PO Box 790040<br>ST Louis, MO 63179 | Communication FCU<br>ATTN: BANKRUPTCY<br>4141 NW Expressway, Ste 200<br>Oklahoma City, OK 73116 |
| M & T Bank<br>ATTN: BANKRUPTCY<br>PO Box 844<br>Buffalo, NY 14240 | Teague & Wetsel, PLLC<br>1741 W 33rd St., STE 120<br>Edmond, OK 73013 | Tinker FCU<br>ATTN: BANKRUPTCY<br>PO Box 45750<br>Tinker AFB, OK 73145 |
| Target NB<br>C/O Financial & Retail Services<br>Mailstop BT PO Box 9475<br>Minneapolis, MN 55440 | Receivables Performance MGMT<br>ATTN: BANKRUPTCY<br>PO Box 1548<br>Lynnwood, WA 98046 | Andrea Golden<br>PO Box 720540<br>Norman, OK 73070 |
| Boston Avenue Law<br>401 S Boston Ave, Ste 500<br>Tulsa, OK 74103 | | |

/s/ Cody D. Kerns

8

```
ALLY FINANCIAL, INC
ATTN: BANKRUPTCY
500 WOODARD AVE
DETROIT MI 48226


AMEX
CORRESPONDENCE/BANKRUPTCY
PO BOX 981540
EL PASO TX 79998


ANDREA GOLDEN
PO BOX 720540
NORMAN OK 73070


BANK OF AMERICA
ATTN: BANKRUPTCY
4909 SAVARESE CIRCLE
TAMPA FL 33634


BARCLAYS BANK DELAWARE
ATTN: BANKRUPTCY
PO BOX 8801
WILMINGTON DE 19899


BOSTON AVENUE LAW
401 S BOSTON AVE
STE 500
TULSA OK 74103


CITIBANK/THE HOME DEPOT
CITICORP CR SRVS/CENTRALIZED BANKRUPTCY
PO BOX 790040
ST LOUIS MO 63179


COMMUNICATION FCU
ATTN: BANKRUPTCY
4141 NW EXPRESSWAY, STE 200
OKLAHOMA OK 73116
```

```
HOWARD BERKSON
BOSTON AVENUE LAW
401 S. BOSTON AVE.
STE. 500
TULSA OK 74103




LACEY SHIRLEY LAW
302 S. CHEYENNE AVE.
STE. 110
TULSA OK 74103




LACEY SHIRLEY LAW
1874 S. BOULDER AVE.
TULSA OK 74119




M & T BANK
ATTN: BANKRUPTCY
PO BOX 844
BUFFALO NY 14240




RECEIVABLES PERFORMANCE MGMT
ATTN: BANKRUPTCY
PO BOX 1548
LYNNWOOD WA 98046




TARGET NB
C/O FINANCIAL & RETAIL SERVICES
MAILSTOP BT PO BOX 9475
MINNEAPOLIS MN 55440




TEAGUE & WETZEL
1741 W 33RD ST
STE. #120
EDMOND OK 73013




TINKER FCU
ATTN: BANKRUPTCY
PO BOX 45750
TINKER AFB OK 73145
```

```
TINKER-MC
ATTN: BANKRUPTCY
PO BOX 45750
TINKER AFB OK 73145


VILLAGE ROOFING & SIDING
3334 W MAIN ST.
NORMAN OK 73072


VILLAGE ROOFING & SIDING, LLC
11901 N MACARTHUR BLVD
OKLAHOMA CITY OK 73162
```